IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DARNELL OLIVER,   )<br>                            )<br>     Plaintiff,            )<br>                            )<br>     v.                     )<br>                            )<br> JOHN F. RICHARDSON,        )<br> Sergeant, et al.,          )<br>                            )<br>     Defendants.            ) | CIVIL ACTION NO.<br>   2:11cv365-MHT<br>        (WO) |

**ORDER**

This case is before the court on plaintiff's appeal (Doc. 40) of the United States Magistrate Judge's order (Doc. 39) denying plaintiff's motion for reimbursement of fees (Doc. 35).[1]

The court has reviewed the record de novo and agrees with the magistrate judge's decision. The

---

   1. In the notice of appeal, plaintiff states that he is appealing to the United States District Court of the Middle District of Alabama/to a higher court/ United States Court of Appeals-Eleventh Circuit." Notice of Appeal (Doc. 40) at 1. As it is not possible to appeal to this court and the appeals court at the same time, the court treats the notice of appeal as an appeal to the district court judge of the magistrate judge's decision.

stipulation of dismissal with prejudice (Doc. 31) that plaintiff personally signed says "costs taxed as paid." This means that each party is responsible for his own costs. Costs include filing fees. *See* Gensler, Steven J., *Rule 54. Judgment; Costs*, 2 Federal Rules of Civil Procedure, Rules and Commentary (Feb. 2024 Update) ("The costs taxable under Rule 54(d) [of the Federal Rules of Civil Procedure] are those listed in 28 U.S.C.A. § 1920. Among these so-called 'statutory costs' are filing fees..."). The language requiring each party to pay his own costs was included in the court's final judgment (Doc. 32).

Moreover, plaintiff's motion comes too late. The judgment was entered in December 2011. To the extent plaintiff is moving the court to alter, amend, or vacate the judgment so that it no longer requires him to pay the filing fee, his motion must proceed under Federal Rule of Civil Procedure 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and

2

for [certain] reasons ... no more than a year after the entry of the judgment or order or the date of the proceeding."[2]  Fed. R. Civ. P. 60(c)(1).  The docket shows that a partial filing fee of $ 98.00 was taken from plaintiff's account at Holman Correctional Facility on January 5, 2012.  *See* Receipt (Doc. 33).  Therefore, it appears that plaintiff knew in 2012 that filing fees were being taken from his prisoner account, but he did not file a Rule 60(b) motion at that time.  It is now more than 12 years later.  Because plaintiff did not file his motion within a year of entry of the

---

2.  These reasons include:

"(1)  mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

Fed. R. Civ. P. 60(b).

judgment or within a reasonable time after that, he is not entitled to relief.

Accordingly, it is ORDERED that the order of the United States Magistrate Judge (Doc. 39) is affirmed, and plaintiff's appeal (Doc. 40) is denied.

DONE, this the 7th day of October, 2024.

                                                                 /s/ Myron H. Thompson  
                                              UNITED STATES DISTRICT JUDGE